IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00235-WYD-CBS

KENNETH W. PORTIER,
    Plaintiff,
v.

LT. ANN DEFUSCO, CSP, and
LT. R. OLINETTE, CSP,
    Defendants.

## ORDER

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) Mr. Portier's "Motion to Stay the Case and Appoint Counsel" (filed January 15, 2009) (doc. # 51). Pursuant to the Order of Reference dated March 7, 2008 (doc. # 13) and the memorandum dated January 16, 2009 (doc. # 52), this matter was referred to the Magistrate Judge. The court has reviewed the matter, the entire case file, and the applicable law and is sufficiently advised in the premises.

Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be

1

overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Portier's request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Portier is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Portier has capably litigated this case in his *pro se* capacity since it was filed in January 2008. Defendants filed their Motion to Dismiss on April 28, 2008. Mr. Portier sought and was granted a 30-day extension of time to respond to Defendants' Motion, permission to file a surreply, and an extension of time to September 30, 2008 to file his surreply. (*See* docs. # 24, # 26, # 31, # 33, # 35, # 36, # 38, # 39, # 41). Currently pending is the November 26, 2008 Recommendation of United States Magistrate Judge that Defendants' Motion to Dismiss be granted. (*See* doc. # 46). Mr. Portier has already submitted a 37-page objection and a 5-page objection to the Recommendation. (*See* docs. # 48, # 49). Mr. Portier requests that the court "stay the case and appoint counsel for the Plaintiff at this point in the proceeding" because "he was not afforded enough time to properly respond to the recommendation . . ." Mr. Portier's *pro se* filings do not reflect that he has been denied sufficient time to respond to the Recommendation. Based on its review of the status of the

case, the court is within its discretion in declining to request counsel to represent Mr. Portier at this stage of the litigation. Accordingly,

IT IS ORDERED that Mr. Portier's "Motion to Stay the Case and Appoint Counsel" (filed January 15, 2009) (doc. # 51) is DENIED.

DATED at Denver, Colorado, this 20th day of January, 2009.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge