IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00235-WYD-CBS

KENNETH W. PORTIER,

    Plaintiff,

v.

LT. ANN DEFUSCO (CSP); and
LT. R. OLINETTE (CSP),

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

---

THIS MATTER is before the Court in connection with a review of the Recommendation of United States Magistrate Judge filed on November 26, 2008 [doc. #46]. Magistrate Judge Craig B. Shaffer recommended therein that Defendants' Motion to Dismiss [doc. #21, filed April 28, 2008] be granted and that this case be dismissed. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b); D.C.COLO.LCivR. 72.1.

Magistrate Judge Shaffer found that Plaintiff had not made sufficient allegations to support his Section 1983 claim. He found that Plaintiff's allegations of constitutional violations were without merit. *Id.* at 5-13. He further found that Plaintiff failed to file his complaint within the statute of limitations and that the Defendants are entitled to qualified immunity. *Id.* at 14-16. Lastly, he found that Plaintiff had not established a physical injury, which is required for a claim for compensatory damages pursuant to 42

U.S.C. § 1997e(e). Recommendation at 17.

On December 10, 2008, Plaintiff filed timely "Written Objections to the United States Magistrate Judge's Proposed Finding and Recommendation," [doc. #48], which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made because the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Accordingly, I will conduct *de novo* review. Defendants did not respond to the objections.

## FACTUAL BACKGROUND

Plaintiff alleges that on September 6, 2004, his television set was damaged during a "facility-wide" shakedown. Complaint at 2. He alleges that on September 23, 2004, he filed a grievance to exhaust his administrative remedies regarding the damage to his television set. *Id.* Plaintiff then alleges that on September 24, 2004, Defendant Olinette told him that the Colorado Department of Corrections and Colorado State Penitentiary were no longer taking responsibility for Plaintiff's television and that there was an "unwritten rule" that if Plaintiff filed a grievance or lawsuit, he would not be allowed a "loaner" television. *Id.* at 8. Plaintiff claims that he "was wrongfully denied a television set for a period of 495 days," in retaliation for filing his grievance and lawsuit. *Id.* at 3. Plaintiff's Complaint claims relief under 42 U.S.C. § 1983 for Defendants' violation of his First, Eighth, and Fourteenth Amendment rights when they deprived him of a "loaner" television set for 495 days in retaliation for filing a grievance and lawsuit. *Id.* at 6. As relief, Plaintiff seeks a monetary award of $12,500 in damages from each defendant. *Id.* at 12.

**ANALYSIS**

**A. Statute of Limitations**

Magistrate Judge Shaffer found that Plaintiff failed to file his claim within the applicable state statute of limitations. Recommendation at 14-16. Federal courts must look to the applicable state statute of limitations to determine the timeliness of a claim under Section 1983. *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). Colorado has a two-year statute of limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute and for all other actions of every kind for which no other period of limitation is provided." Colo. Rev. Stat. § 13-80-102(g). Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Hunt v. Bennet*, 17 F.3d 1263, 1266 (10th Cir. 1994).

Plaintiff objects to Magistrate Judge Shaffer's finding that his claim was not brought within the two-year period and argues that his claim is not time barred because he was not aware that his constitutional rights were being violated during that time period. Objections at 9. Plaintiff's allegations do not support that argument but rather demonstrate his knowledge of the alleged injury on at least two separate occasions: on September 24, 2004, when Defendant Olinette told him that there was an "unwritten rule" that if he filed a grievance or lawsuit he would not be allowed a "loaner" television; and then when the Defendant Defusco reiterated the Olinette's reason for denying him a "loaner" television set at least three times and again on January 28, 2006. *See* Complaint at 2-3.

Plaintiff does not refute these facts in his objection. In fact, he agrees with Magistrate Judge Shaffer's finding that January 18, 2006, the day on which Plaintiff's television privileges were restricted due to his refusal to attend classes, was the last day that the alleged conduct occurred. Objection at 9. His only argument is that he was not aware that his rights were violated until February 15, 2006, after he received additional information. *Id.* I am not persuaded by Plaintiff's argument. A plaintiff may have knowledge of an injury even if he is unaware of all the evidence ultimately relied on for his cause of action. *Baker v. Board of Regents v. State of Kansas*, 991 F.2d 628, 632 (10th Cir. 1993). Therefore, I agree with Magistrate Judge Shaffer's finding and overrule Plaintiff's objection on this issue. I find that the filing of the Complaint on February 4, 2008 was outside of the two-year statute of limitations period.

Plaintiff also raised the issue of tolling in his Objections. I agree with Magistrate Judge Shaffer's analysis on this issue. Under Colorado law, the doctrine of equitable tolling "permits that a statute of limitations be tolled only where the defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner or truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts." *Morrison v. Goff*, 74 P.3d 409, 412-13 (Colo. App. 2003) (citation omitted), *cert. granted in part on other grounds* (Colo. 2003). Plaintiff has not offered any evidence that Defendants prevented him from filing his claim in a timely manner or that he was subject to truly exceptional circumstances. Therefore, this objection is overruled.

**B. First Amendment Claim**

Magistrate Judge Shaffer found that Plaintiff failed to allege specific facts showing retaliation. Recommendation at 9-11. "An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). In his objection, Plaintiff reiterates his argument that the Defendants retaliated against him for filing his grievance. Objection at 29. Specifically, he reiterates his allegation that Defendants told him that there was an "unwritten rule" at Colorado State Penitentiary ("CSP") that if Plaintiff filed a grievance or lawsuit regarding his television set, he would not be eligible to receive a "loaner" television because his personal television set would still be held in property as evidence and that he can not have two television sets listed on the property list. Objection at 26. Plaintiff further alleges that this regulation is not written anywhere at CSP and that the actions of the Defendants amounted to retaliation. *Id.*

It is well established in the Colorado Department of Corrections' Administrative Regulation 850-06 that Plaintiff is not allowed to have more than one television set on his property list. *See* Recommendation at 10-11. Although Plaintiff's television set was held in the evidence room of CSP due to his grievance, Plaintiff was still in possession of it. Plaintiff therefore was denied a "loaner" television because it would have violated the administrative regulations of CDOC. The Defendants followed proper protocol, and I agree with Magistrate Judge Shaffer's recommendation that they did not retaliate against Plaintiff.

**C. Eighth Amendment Claim**

I agree with Magistrate Judge Shaffer's finding that Plaintiff's restricted access to a television set does not amount to a constitutional violation of his Eighth Amendment right. *See* Recommendation at 5-6. Magistrate Judge Shaffer found that such a deprivation would not amount to an unnecessary and wanton infliction of pain that is required for a finding of cruel and unusual punishment under the Eighth Amendment. *See id.* (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). In his Objections, Plaintiff reiterates his argument that the deprivation of a "loaner" television set for 495 days, while he was in solitary confinement, seriously impacted his mental health and amounted to cruel and unusual punishment. Objection at 33. However, Magistrate Judge Shaffer effectively refuted this claim, citing analogous case law based on similar facts. Recommendation at 6 (citing *Murphy v. Walker*, 51 F.3d 714, 718 (7th Cir. 1995) (finding "no support in the case law" for claim that denial of "cigarettes and television amounts to a constitutional violation"); *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992) ("a prisoner who is denied…a television set has not set out a deprivation of [his rights under]…the eighth amendment"); *Scheanette v. Dretke*, 199 Fed. Appx. 336 (5th Cir. 2006) (denial of televisions to death row inmates not cruel and unusual because watching television is not a life necessity or a basic human need); *Elliott v. Brooks*, 188 F.3d 518, 1999 WL 525909 (10th Cir. 1999) (no constitutional right to watch television in prison)). Plaintiff has failed to address any of this authority, and accordingly his objection as to this claim is overruled.

**D. Due Process Claim**

Magistrate Judge Shaffer found that Plaintiff's due process claim fails because his alleged deprivation of a loaner television did not present an atypical, significant hardship, as a matter of law. Recommendation at 6-9. He noted that it is well settled that the inability of a prisoner to watch television is not an atypical, significant hardship. Recommendation at 8 (citing *King v. Frank*, 328 F. Supp. 2d 940, 945 (W.D. Wis. 2004) ("being denied a television and radio" not atypical and significant hardship under *Sandin*); *Manley v. Fordice*, 945 F. Supp. 132, 138 (S.D. Miss. 1996) ("not being allowed access to television and radio is not 'atypical' of prison life and certainly places no significant hardship on the individual"); *Robinson v. Moses*, 644 F. Supp. 975, 979 (N.D. Ind. 1986) (holding detainee in city-county lockup without television facilities not a violation of Fourteenth Amendment)).

Plaintiff states in his objection that he alleged an atypical and significant hardship in his Response to Defendants' Motion to Dismiss. Objection at 31. However, there is no mention of this allegation in Plaintiff's Response. Plaintiff only alleged violation of his due process rights. Response to Defendants' Motion to Dismiss at 35. I am not persuaded by Plaintiff's objection, and I agree with Magistrate Judge Shaffer's finding that Plaintiff did not suffer an atypical, significant hardship when he was denied a "loaner" television. Therefore, Plaintiff's objection on this issue is overruled.

**E. Equal Protection Claim**

Magistrate Judge Shaffer found that Plaintiff failed to state an equal protection claim, because he has not shown: "(1) he is treated differently than a similarly situated

class of inmates, (2) that the different treatment burdens one of his fundamental rights, and (3) that the different treatment bears no rational relation to any legitimate penal interest." Recommendation at 11-12 (quoting *Murphy v. Missouri Dept. of Corrections*, 372 F.3d 979, 984 (8th Cir. 2004) (internal quotation and citation omitted)). In his objection, Plaintiff offers eight names of other inmates who had either a "loaner" television set or a personal television set. Objection at 21. However, he fails to offer evidence on how he was treated differently from those inmates. He alleges no facts that these other inmates were able to obtain a "loaner" television while having a personal television listed on the property list. Plaintiff further argues that his fundamental right was violated when the Defendants retaliated against him for filing his grievance. Objection at 22. Plaintiff's retaliation claim is irrelevant to this equal protection analysis, and Plaintiff does not address the third element by showing no rational relation to a legitimate penal interest. Accordingly, I agree with Magistrate Judge Shaffer's recommendation denying Plaintiff his equal protection claim and I overrule Plaintiff's objection on this issue.

**F. Qualified Immunity**

I agree with Magistrate Judge Shaffer's analysis regarding qualified immunity. Because Plaintiff failed to state a claim that Defendants' conduct violated a constitutional right, "the inquiry ends and the [defendant] is entitled to qualified immunity." *Wilder v. Turner*, 490 F. 3d 810, 813 (10th Cir. 2007) (citation omitted). Plaintiff's argument in his objections is that qualified immunity is not appropriate because he is alleging that the Defendants knowingly and willingly violated his

constitutional rights when they intentionally deprived him of a "loaner" television for 495 days. Objection at 13. Because I agree with Magistrate Judge Shaffer that Defendants did not violate Plaintiff's constitutional rights, Plaintiff's objection on this issue is overruled.

**G. Compensatory Damages**

Finally, I agree with Magistrate Judge Shaffer's denial of compensatory damages. Plaintiff has not alleged that he suffered any physical injury, which is a requirement for an inmate to bring a federal claim for monetary damages. *See* 42 U.S.C. §1997e(e) ("No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff argues in his objection that he suffered a serious lack of stimulation and mental and emotional distress when he was denied a "loaner" television for 495 days. Objection at 6. However, as the statute provides, mental or emotional injury is insufficient without physical injury, which Plaintiff has not demonstrated. Accordingly, I agree with Magistrate Judge Shaffer that Plaintiff's claims should be dismissed due to his failure to state a claim for compensatory damages pursuant to Section 1997e(e).

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Recommendation of the United States Magistrate Judge [doc. #46, filed November 26, 2008] is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss [doc. #21, filed April 28, 2008] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

Dated: March 27, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge