IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-00235-WYD-CBS

KENNETH W. PORTIER,

    Plaintiff,

v.

LT. ANN DEFUSCO (CSP); and
LT. R. OLINETTE (CSP),

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff Kenneth Portier's Motion to Reconsider and Alter and Amend Judgment [doc. #70], filed April 15, 2009.  Therein, Plaintiff asks me to alter and amend the judgment in this case [doc. #69], pursuant to Rule 59 of the Federal Rules of Civil Procedure, and reconsider my order of March 27, 2009 [doc. #68] in which I adopted and affirmed Magistrate Judge Craig B. Shaffer's Recommendation to dismiss this case with prejudice.  Defendants did not respond to the Motion.  For the reasons set forth herein, the Motion is denied.

By way of background, Plaintiff had claimed relief under 42 U.S.C. § 1983 for Defendants' violation of his First, Eighth, and Fourteenth Amendment rights when they deprived him of a "loaner" television set for 495 days in retaliation for filing a grievance and lawsuit.  In my order of March 27, 2009, I agreed with the findings in Magistrate Judge Shaffer's Recommendation and dismissed the present case essentially on four

alternative grounds.  First, I found that Plaintiff had failed to bring his claims within the applicable state statute of limitations.  Second, I found that each of Plaintiff's four claims - First Amendment, Eighth Amendment, Due Process, and Equal Protection - failed on its merits.  Third, I found that because Defendants did not violate Plaintiff's constitutional rights, they were entitled to qualified immunity.  Fourth, I found that Plaintiff had failed to state a claim for compensatory damages because he had not alleged any physical injury.

Plaintiff now asks me to reconsider my dismissal order and to alter and amend the judgment in this case.  Specifically, Plaintiff argues that because I affirmed and adopted Magistrate Judge Shaffer's recommendation in whole, it is not clear that I conducted a de novo review and considered Plaintiff's objections of December 10, 2009.  Plaintiff states that he is therefore "asking this Honorable Court to reconsider the Report and Recommendations . . . signed by Magistrate Judge Craig B. Shaffer on November 26, 2008."  (Pl.'s Mot. 3.)  Plaintiff then proceeds to challenge the individual findings in Magistrate Judge Shaffer's Recommendation.

The Federal Rules of Civil Procedure recognize no motion for reconsideration. *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007); *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995).  However, because the present Motion was filed within ten days of entry of judgment, involves reconsideration of matters properly encompassed in a decision on the merits, and explicitly asks for alteration and amendment of the judgment, I will treat the Motion as a motion to alter or amend the judgment under Rule 59(e).  *See Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir.

1997); *Hawkins*, 64 F.3d at 546. There are three major grounds that justify granting a Rule 59(e) Motion: (1) an intervening change in the controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *E.g., Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps*, 122 F.3d at 1324 (a "Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence" (quotation omitted)). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants*, 204 F.3d at 1012.

Plaintiff has not presented any new law or evidence, so the grounds of his Motion rest on alleged clear error or manifest injustice. However, it appears that Plaintiff is improperly attempting to revisit issues already addressed and to advance arguments that he could have raised in prior briefing. Many of the arguments Plaintiff raises in the present Motion are identical to those raised in his objections of December 10, 2009. To the extent that Plaintiff presents new arguments, they could have been raised in his objections, as throughout the Motion Plaintiff explicitly challenges Magistrate Judge Shaffer's findings.

Plaintiff operates under the assumption that I did not conduct proper de novo review and consider all of his objections because I affirmed and adopted the Recommendation, but this assumption is mistaken. My order reflects that my review was de novo and that I did consider Plaintiff's objections, but I overruled his objections

and agreed with Magistrate Judge Shaffer's findings.  *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (Under de novo review, the "district judge is free to follow [a magistrate's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew." (quoting *Mathews v. Weber*, 423 U.S. 261, 271 (1976) (alteration in original)).  Even aside from Plaintiff's improper attempt to re-raise objections to Magistrate Judge Shaffer's Recommendation, I find that Plaintiff has not satisfied the high standard of clear error or manifest injustice that is required for this extreme remedy.  *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  Accordingly, it is hereby

ORDERED that Plaintiff Kenneth Portier's Motion to Reconsider and Alter and Amend Judgment [doc. #70], filed April 15, 2009, is **DENIED**.

Dated: July 27, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge